FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 02, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIELLE W.,[1]<br>  Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>  Defendant. | No. 1:20-cv-03093-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 18, 19 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 19. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 18, and denies Defendant's motion, ECF No. 19.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On September 5, 2017, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of September 5, 2017. Tr. 15, 71-72, 216-28. The applications were denied initially and on reconsideration. Tr. 141-49, 152-65. Plaintiff appeared before an administrative law judge (ALJ) on March 5, 2019. Tr. 33-70. On May 1, 2019, the ALJ denied Plaintiff's claim. Tr. 12-32.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2019, has not engaged in substantial gainful activity since September 1, 2017. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease, chronic pain, hypermobility syndrome, hiatal hernia, migraines, anxiety, and depression. Tr. 18.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following limitations:

> [Plaintiff] can stand, walk, and sit 6 hours each in an 8-hour workday. [Plaintiff] can occasionally balance, stoop, [kneel], crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. [Plaintiff] should avoid concentrated exposure to vibration, pulmonary irritants, and hazards. [Plaintiff] can perform simple, routine work, as well as some learned complex tasks, such as those learned in past work. [Plaintiff] can have occasional, superficial contact with coworkers and brief, superficial contact with the public.

Tr. 20.

At step four, the ALJ found Plaintiff is unable to perform any of her past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as parking lot cashier, pricer, and production

ORDER - 7

assembler. Tr. 26. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of September 1, 2017, through the date of the decision. *Id.*

On May 1, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ properly evaluated Plaintiff's symptom claims.

ECF No. 18 at 2.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in her consideration of the opinions of William Bothamley, M.D., and N.K. Marks, Ph.D. ECF No. 18 at 8-19.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate

ORDER - 8

medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

      Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

ORDER - 9

404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).[2] However, when two or more medical opinions

---

[2] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations. ECF No. 18 at 8-18; ECF No. 19 at 4-12. While Plaintiff cites to case law that was applied under the old regulations, Defendant argues the prior case law is no longer applicable. *Id.* The Court finds resolution of this question unnecessary to the disposition of this case. "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of the an ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or

ORDER - 10

or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards." *Allen T. v. Saul*, No. EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29, 2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3 (W.D. Wash. Apr. 9, 2020)). "Nevertheless, the Court is mindful that it must defer to the new regulations, even where they conflict with prior judicial precedent, unless the prior judicial construction follows from the unambiguous terms of the statute and thus leaves no room for agency discretion.'" *Allen T.*, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority [or] are arbitrary and capricious.'").

ORDER - 11

### 1. Dr. Bothamley

On September 18, 2017, Dr. Bothamley performed an examination and rendered an opinion on Plaintiff's functioning. Tr. 789-97. Dr. Bothamley diagnosed Plaintiff with back and hip pain, hiatal hernia, and migraine headaches. Tr. 790. Dr. Bothamley opined Plaintiff's back/hip pain causes moderate limitations in her ability to stand, walk, lift, carry, push, pull, stoop, and crouch; her hiatal hernia causes no to mild limitations; and her migraine headaches cause mild limitations in her ability to communicate. *Id.* He further opined Plaintiff is limited to sedentary work, which likely should improve with treatment, and the limitations are estimated to last 12 months with treatment. Tr. 791.

On June 12, 2018, Dr. Bothamley provided another opinion on Plaintiff's functioning. Tr. 470-71. Dr. Bothamley diagnosed Plaintiff with chronic back pain, neck pain, bilateral hip pain, hypermobility syndrome, hiatal hernia, migraine headaches, and major depression, and he noted Plaintiff reported a history of bipolar disorder and attention deficit hyperactivity disorder. Tr. 470. Dr. Bothamley opined Plaintiff needs to lie down for 30 minute intervals up to three to four times per day, per Plaintiff's report; Plaintiff's chronic pain has been made worse due to her history of depression; continuous physical activity exacerbates her pain; she would miss four or more days per month if she worked a 40-hour

ORDER - 12

week; and the limitations have existed since May 2017. Tr. 470-71. The ALJ found Dr. Bothamley's opinion is not persuasive. Tr. 24.

In evaluating Dr. Bothamley's opinions, the ALJ cited to Exhibit 11F, pages 3 through 7. *Id.* However, the cited document is a review of the medical evidence, performed by reviewing source Arild Lein, M.D. Tr. 766. Dr. Lein was asked to review Plaintiff's records to determine her eligibility for DSHS benefits in September 2017. *Id.* Dr. Lein reviewed multiple medical records, including Dr. Bothamley's September 19, 2017 examination. *Id.* Dr. Lein opined Plaintiff is limited to sedentary work and does not have any significant mental limitations . Tr. 766-68. The ALJ summarized the opinion she attributed to Dr. Bothamley as limiting Plaintiff to sedentary work, and finding Plaintiff had no significant mental limitations. Tr. 24. That opinion was Dr. Lein's opinion. The ALJ did not cite to Dr. Bothamley's 2017 opinion, nor his 2018 opinion. The ALJ did not mention Dr. Lein as a reviewing source. As such, the ALJ's analysis appears to address Dr. Lein's opinion, mistakenly attributed to Dr. Bothamley, and the ALJ failed to provide any reasons to reject Dr. Bothamley's opinions. The ALJ erred in failing to evaluate Dr. Bothamley's opinions. *See* 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).

Defendant argues the 2017 questionnaire completed by Dr. Bothamley was not an opinion, because Dr. Bothamley restated Plaintiff's statements regarding her

ORDER - 13

pain, and the ALJ need not re-analyze Plaintiff's statements. ECF No. 19 at 13-14. However, Dr. Bothamley attached medical records to his opinion, and explained "I feel her diagnoses are chronic and unlikely to greatly improve," and stated "physical activity exacerbates her pain." Tr. 470-71. While portions of Dr. Bothamley's questionnaire indicate the answers are based on Plaintiff's self-report, there is no indication that the opinion that Plaintiff would miss four or more days per month was based on Plaintiff's self-report. Further, Defendant presents no argument regarding the ALJ's failure to address Dr. Bothamley's 2018 opinion. Moreover, the ALJ's statement that he "does not find the assessment to be persuasive, as it is not consistent with, nor supported by, the examination findings in the record," is insufficient reasoning, as the ALJ did not provide an analysis of the supportability and consistency of the opinions. *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). As such, the ALJ erred in failing to account for Dr. Bothamley's opinions in the RFC, without giving any analysis as to why the opinions were found to not be persuasive.

      On remand, the ALJ is directed to consider Dr. Bothamley's opinions and Dr. Lein's opinion, and incorporate the limitations into the RFC or provide an analysis as to why the opinions are not persuasive.

ORDER - 14

*2. Dr. Marks*

On September 21, 2017, Dr. Marks examined Plaintiff and rendered an opinion on her psychological functioning. Tr. 782-88. Dr. Marks diagnosed Plaintiff with unspecified personality disorder, mild with some antisocial features; unspecified amphetamine or other stimulant-related disorder in very recent remission; and unspecified cannabis-related disorder in remission. Tr. 785. Dr. Marks opined Plaintiff has moderate limitations in her ability to communicate and perform effectively in a work setting, maintain appropriate behavior in a work setting, complete a normal workday/workweek without interruptions from psychological symptoms, and set realistic goals and plan independently. Tr. 785. Dr. Marks opined Plaintiff otherwise had no to mild limitations in the remaining areas of functioning, and opined she overall has a no to mild severity rating. *Id.* Dr. Marks opined the current impairments are primarily due to substance use within the prior 60 days, but the impairments would persist following 60 days of sobriety, and opined the limitations were expected to last three months with treatment. Tr. 786.

Defendant concedes the ALJ erred in failing to address Dr. Marks' opinion, but argues the error was harmless. ECF No. 19 at 14. As the case is being remanded for the ALJ to address Dr. Bothamley and Dr. Lein's opinions, the ALJ is also instructed on remand to evaluate Dr. Marks' opinion and incorporate the

ORDER - 15

limitations into the RFC or provide an analysis as to why the opinion is not persuasive.

### B. Plaintiff's Symptom Claims

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting her symptom claims. ECF No. 18 at 19-21. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.

ORDER - 16

*Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

ORDER - 17

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence. Tr. 21.

The ALJ's evaluation of Plaintiff's symptom claims and the resulting limitations relies largely on the ALJ's assessment of the medical evidence. Having determined a remand is necessary to readdress the medical source opinions, any reevaluation must necessarily entail a reassessment of Plaintiff's subjective symptom claims. Thus, the Court need not reach this issue and on remand the ALJ must also carefully reevaluate Plaintiff's symptom claims in the context of the entire record. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is not free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 19**, is **DENIED**.

ORDER - 18

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED April 2, 2021.

<u>s/Mary K. Dimke</u><br>
MARY K. DIMKE<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 19